UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIE RAYMOND REVOCABLE TRUST, on Behalf of Itself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>MAT FIVE LLC, CITIGROUP ALTERNATIVE INVESTMENTS LLC, CITIGROUP FIXED INCOME ALTERNATIVES, CITIGROUP GLOBAL MARKETS INC. and REAZ ISLAM,<br><br>    Defendants. | Civil Action No. 08 CIV 4152 NRB<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF CLASS MEMBERS MICHAEL JOEL STONE REVOCABLE TRUST AND ALBECO, INC.'S MOTION FOR CONSOLIDATION OF ALL RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL** |
| ALICE LILLEGARD and ROBERT LILLEGARD, on Behalf of Themselves and All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>MAT FIVE LLC, CITIGROUP ALTERNATIVE INVESTMENTS LLC, CITIGROUP FIXED INCOME ALTERNATIVES, CITIGROUP GLOBAL MARKETS INC. and REAZ ISLAM,<br><br>    Defendants. | Civil Action No. 08 CIV 5641-UA |

**I.     INTRODUCTION**

The Michael Joel Stone Revocable Trust and Albeco, Inc. ("Movants"), respectfully submit this memorandum pursuant to Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), in support of his motion for entry of an order appointing them as the Lead Plaintiff in the action, and appointing Lead Plaintiff's choice of counsel as Lead Counsel for the Class.

Movants are the Michael Joel Stone Revocable Trust dated October 1999 ("Stone Trust") and Albeco, Inc. and Michael J. Stone has full authority to act for the trust and the corporation which have suffered losses of approximately $2.365 million resulting from violations of the federal securities laws.  Movants believe that they have suffered the largest losses of any potential plaintiff moving to be appointed lead plaintiff.  Movants are familiar with the applicable provisions governing the appointment of the lead plaintiff in securities class actions, understands their responsibilities to the class, and are willing and able to oversee the prosecution of this action.

In light of the size of the financial losses of the Stone Trust and Albeco, Inc., Movants believe that they have the largest financial interest in the relief sought by the class as currently defined in the complaints filed.  Movants will ensure that the litigation is conducted in the best interests of the members of the class and are not subject to any unique defenses that would render them incapable of adequately representing the class.  Therefore, Movants respectfully request that the Court grant Movants' motion to be appointed lead plaintiff, and approve their selection of Lead and Liaison Counsel.

## II.     FACTUAL BACKGROUND

The action is a federal class action brought on behalf of all persons or entities who purchased shares of MAT Five LLC, pursuing remedies under Sections 12(2) of the 1933 Act and Delaware Law.

The action that was filed alleges that Defendants issued materially false and misleading statements.

## III.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Section 27(a)(3)(B)(ii) of the Securities Act addresses the issue of consolidation of similar actions filed under the PSLRA:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under § 27(a)(3)(B)(i)] until after the decision on the motion to consolidate is rendered.

15 U.S.C. § 77z-1(a)(3)(B)(ii).

Accordingly, a two-step process is often utilized to determine lead plaintiff and lead counsel status when consolidation is an issue. First, the Court rules on the consolidation issue. Second, after the cases have been consolidated, the Court rules on the lead plaintiff and lead counsel issues.

Movants therefore request that the Court consolidate the related actions captioned above and then rule on the lead plaintiff and lead counsel issues in this matter. Under Federal Rule of Civil Procedure 42(a), a timely determination pertaining to consolidation is reasonable and will ultimately benefit the class members' interest in the prompt prosecution of their claims.

There is at least one other action pending in this Court, which is captioned above. Movants believe that consolidation of these separate yet related actions is appropriate because they involve common questions of law and fact and allege the same or similar claims under the

federal securities laws on behalf of the same or similar plaintiff class. In addition, all actions will present similar issues regarding class certification, and will undoubtedly necessitate identical discovery of the parties and of non-parties. There is also no reason to believe that defendants would not support consolidation of these actions, as well as any subsequently filed related actions. Accordingly, these actions should be consolidated for all purposes in the interests of judicial economy and overall efficiency. *Richardson v. TVIA, Inc.*, No. C-06-06304-RMW, 2007 U.S. Dist. LEXIS 28406 (N.D. Cal. Apr. 16, 2007) (holding that the Court may consolidate actions involving a common question of law or fact); *Ruland v. Infosonics Corp.*, Case No. 06-cv-1231-BTM (WMc), 2006 U.S. Dist. LEXIS 79144 (S.D. Cal. Oct. 23, 2006) (stating that where the actions involve the same time frame, arise from the same facts, and allege violations of the same securities laws, the cases should be consolidated); *Plumbers & Pipefitters Local 51 Pension Fund v. Petco Animal Supplies, Inc.*, Case. No. 05-cv-823 H (RBB), 2005 U.S. Dist. LEXIS 45908 (S.D. Cal. Aug. 16, 2005) (stating that the Court may order consolidation to avoid unnecessary cost or delay).

## IV.    PROPOSED LEAD PLAINTIFF SHOULD BE APPOINTED AS THE LEAD PLAINTIFF

### A.    The Procedure Mandated by the PSLRA

Section 27 of the Securities Act, as amended by the PSLRA, Title 15 § 77z-1, sets forth the procedure for the selection of Lead Plaintiff to oversee class actions brought under the federal securities laws. Specifically, § 27 provides that within 20 days after the date on which the first class action is filed under the PSLRA, the plaintiff shall cause to be published, in a widely circulated national business oriented publication or wire service, a notice informing class members of the action and their right to file a motion for the appointment of lead plaintiff.

The PSLRA provides that within 60 days after the publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed Lead Plaintiff. Section 27 of the Securities Act directs the Court to consider any motions by a plaintiff or purported class members to serve as Lead Plaintiff in response to any such notice by not later than 90 days after the date of publication, or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims. Under this section the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members that the Court determines to be most capable of adequately representing the interests of class members.

In determining the "most adequate plaintiff" the PSLRA provides that:

[T]he Court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title . . . is the person or group of persons that –

(aa)　has either filed the complaint or made a motion in response to a notice . . .;

(bb)　in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)　otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§ 27, Securities Act.

### B.　Movant Satisfies the Provisions of the PSLRA and Should be Named Lead Plaintiff

#### 1.　**Movants Have Complied with the PSLRA**

The Complaint filed in the above-captioned action was filed on May 1, 2008. A notice pursuant to the PSLRA was published on May 1, 2008 over the Market Wire. The notice informed potential class members of the pendency of the action and their right to move to be appointed lead plaintiff and to designate their choice of lead counsel within 60 days. Accordingly, pursuant to the PSLRA, all motions for lead plaintiff must be filed no later than

4

June 30, 2008. Movants have timely moved this Court to be appointed as the Lead Plaintiff on behalf of all members of the class.

Michael Stone, as Trustee of the Stone Trust and as C.E.O. and President of Albeco, Inc. has full discretion and control over all investments made by the Stone Trust and Albeco, Inc. including the right to commence legal action and the right to seek to be appointed as a Lead Plaintiff. Michael Stone, Trustee, and C.E.O. and President of Albeco, Inc. acting within his authority on behalf of the trust and corporation, duly signed a certification stating that he had reviewed a complaint in this action, and is willing to serve as the representative party on behalf of the class. The certification demonstrates that the Stone Trust and Albeco, Inc. have suffered losses in the amount of $2.365 million in connection with their purchases of MAT Five LLC shares.

### 2.    Movants Have the Largest Financial Interest at Stake

The certification signed on behalf of the Movants demonstrates that during the Class Period, Movants purchased $2.75 million of MAT Five LLC shares at prices artificially inflated by Defendants' false and misleading statements and have suffered losses approaching $2.365 million. To the best of the knowledge of the Movants and their counsel, Movants have the largest financial interest in the relief sought by the Class and, therefore, are presumptively the most adequate plaintiff pursuant to the PSLRA.

### 3.    Movants Otherwise Satisfy Federal Rules of Civil Procedure, Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the PSLRA provides that a Lead Plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." With respect to the qualifications of the class representative, Rule 23(a) requires that the claims be typical of the claims of the class and that the representative will fairly and adequately protect the interests of the class. *In re Surebeam*

*Corp. Sec. Litig.*, Case No. 03-cv-1721-JM (POR), 2003 U.S. Dist. LEXIS 25022, (S.D. Cal. Dec. 30, 2004) (a presumptive lead plaintiff must make only a preliminary showing of typicality and adequacy).  As detailed below, Movants satisfy the typicality and adequacy requirements of Rule 23(a).

### a) Movants' Claims Are Typical of the Claims of the Members of the Class

Typicality exists when a proposed lead plaintiff's claims arise from the same conduct from which other plaintiffs' claims and injuries arise.  Possible factual distinctions between plaintiffs' claims do not vitiate typicality, as the same legal theory may control even in the face of differences in fact.  *Richardson*, 2007 U.S. Dist. LEXIS 28406, at *6 ("The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)."); *Ruland*, 2006 U.S. Dist. LEXIS 79144, at *17 ("Claims are 'typical' under Rule 23 if they are 'reasonably co-extensive with those of absent class members; they need not be substantially identical.'  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)."); *Plumbers & Pipefitters*, 2005 U.S. Dist. LEXIS 45908 (holding that when a plaintiffs' complaint is premised on the same legal and factual allegations as other plaintiffs, it passes the Rule 23(a) test for typicality).

The questions of law and fact here, which predominate over questions that may affect individual claims, include: (a) whether the federal securities laws were violated by defendants' acts; (b) whether defendants' statements during the Class Period omitted and/or misrepresented material facts; (c) whether the price of MAT Five LLC shares was artificially inflated due to the activities complained of; and (d) the extent of damages class members sustained and the

appropriate measure of those damages. The typicality requirement is satisfied here because the claims to be asserted by Movants are based on the same legal theory and arise from the same event or practice or course of conduct that gives rise to the claims of the class members.

### b) Movants Will Fairly and Adequately Represent the Interests of the Class

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interests in the class." Accordingly, the test for lead plaintiff adequacy is:

> Adequacy of representation under Rule 23 contains two factors: "1) that the representative party's attorney be qualified, experienced and generally able to conduct the litigation; and 2) that the suit not be collusive and plaintiff's interests not be antagonistic to those of the remainder of the class." *In re United Energy Corp. Solar Power Modules Tax Shelter Invs. Sec. Litig.*, 122 F.R.D. 251, 257 (C.D. Cal. 1998) . . . .

*Surebeam Corp.*, 2003 U.S. Dist. LEXIS 25022, at *16.

The interests of Movants is clearly aligned with the interests of the members of the proposed class. There is no evidence of any antagonism between Movants and the proposed class members. As detailed above, the claims to be asserted by Movants present similar questions of law and fact as do the claims of the members of the proposed class. Their claims are typical of the claims of the members of the class. In addition, they have amply demonstrated their adequacy to serve as class representatives by signing a certification affirming their willingness to serve as and assume the responsibilities of class representatives.

Finally, Movants have selected and retained counsel experienced in prosecuting securities class actions such as this to represent them. For these reasons, Movants should be appointed Lead Plaintiff in the consolidated action.

**V.    THE COURT SHOULD APPROVE LEAD PLAINTIFF'S CHOICE OF COUNSEL**

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. *See* § 27. Movants have chosen Hulett Harper Stewart LLP to serve as Lead Counsel and The Rosen Law Firm, P.A. as Liaison Counsel. These firms have extensive experience in the area of securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors.

**VI.    CONCLUSION**

For the foregoing reasons, Movants respectfully requests that the Court: (i) consolidate the related actions; (ii) appoint Michael J. Stone, as Trustee, fbo Michael Joel Stone Revocable Trust and as C.E.O. and President of Albeco, Inc. as the Lead Plaintiff in this action; and (iii) approve Lead Plaintiff's choice of Hulett Harper Stewart LLP to serve as Lead Counsel and The Rosen Law Firm as Liaison Counsel.

DATED: June 30, 2008  
New York, New York

> THE ROSEN LAW FIRM, P.A.  
> LAURENCE M. ROSEN, ESQ. (LR 5733)  
> PHILLIP KIM, ESQ. (PK 9384)
>
> /s/ Phillip Kim  
> PHILLIP KIM, ESQ.
>
> 350 Fifth Avenue, Suite 5508  
> New York, NY  10118  
> Telephone:    (212) 686-1060  
> Facsimile:    (212) 202-3827
>
> HULETT HARPER STEWART LLP  
> KIRK B. HULETT (KBH 2281)  
> 550 West C Street, Suite 1600  
> San Diego, CA  92101  
> Telephone:    (619) 338-1133  
> Facsimile:    (619) 338-1139
>
> Attorneys for Proposed Lead Counsel for Movant Michael Joel Stone Revocable Trust and Albeco, Inc.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this on the 30th day of June 2008, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


      */s/ Phillip Kim*