USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-12-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                             :

In re: MAT FIVE SECURITIES LITIGATION  :

                             :
-----------------------------------------X

**MEMORANDUM and
ORDER**

08 Civ. 4152 (NRB)

**NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE**

This case was brought as a putative class action alleging violations of the Securities Act of 1933 with regard to the sale of shares in a hedge fund marketed to sophisticated, high net worth individuals. Apart from the appointment of class counsel, no substantive action has yet occurred in this case and the submission of an amended complaint is awaited. Some of the Citi defendants have commenced tender and exchange offers for the fund at issue here, MAT Five, among other Citi funds. After the tender and exchange offer was commenced, the original plaintiff in this action, represented by the same law firm, filed a class action in the Delaware Chancery Court seeking to enjoin the tender offer unless the defendants complied with their duty of candor. One of the main concerns of the plaintiff in the Delaware action was that any investor who tendered their shares "must accept the terms of an extremely broad general release that covers any conceivable claim that could be brought against any of the defendants or their affiliates." (Delaware Complaint ¶ 1.) After some discovery was conducted and a hearing was held

1

in Delaware Chancery Court, Vice Chancellor Steven Lamb found that the tender offer as drafted was misleading and ordered that any amended offer must meet with that Court's approval.

With this backdrop, counsel for lead plaintiff in this action seeks a partial lifting of the automatic stay under the PSLRA to obtain the discovery produced in the Delaware action and to obtain access to communications concerning releases already obtained from putative class members. Plaintiff's counsel relies on both Rule 23 and the PSLRA in support of its argument that this Court should take action at this very early stage to protect the putative class members from releasing their claims. While broadly speaking there can be no quarrel with the proposition that individuals or entities who release their rights should be informed before doing so, this very matter is being addressed by the Delaware Chancery Court. Plaintiff's counsel's suggestion that Fed. R. Civ. P. 23 prevents the defendants from "settling" this case is unsupportable. Court approval of a settlement of a case commenced as a class action is only required after the class has been certified. Fed. R. Civ. P. 23(e). The suggestion that any settlement offer at this stage must comply in all respects with the PSLRA, 15 U.S.C. §77z-1(a)(7), would be wholly impractical and would prevent the early settlement of any case commenced with citation to the PSLRA. Cf. Ralph Oldsmobile Inc. v. General Motors Corp., No.

2

99 Civ. 4567 (AGS), 2001 WL 1035132, at *6 (S.D.N.Y. Sep. 7, 2001)("Courts cannot simply interpose themselves in the business relationship between a franchisor and its franchisees each time a franchisee files a putative class action against a franchisor.").

To the extent that Rule 23 gives a court authority to issues orders to "protect class members and fairly conduct the action" we have concluded that there is no need to duplicate the active efforts of the Delaware Chancery Court. Having examined Rule 23 and the PSLRA, which plaintiff's counsel relies upon to suggest that this Court has an interest separate and distinct from the class action plaintiff and the court in Delaware, we reject plaintiff's counsel's arguments. The interest is the same: an informed class.

Finally, we note that there is no separate interest on the Court's part to prevent a putative class member from accepting the tender offer if it meets fair disclosure standards. See Keystone Tobacco Co., Inc. v. U.S. Tobacco Co., 238 F. Supp. 2d 151, 155 (D.D.C. 2002)(refusing to evaluate the sufficiency of the offered consideration and focusing solely on whether putative class members were being misled by defendants). As noted at the outset, the investors in this hedge fund were high net worth individuals who presumably have access to advisers who can assist them in deciding whether receiving a percentage of

3

their money today is worth more to them than awaiting a possible return in the future from a case in which no class has yet been certified and in which the sufficiency of the complaint has yet to be tested.  See id. (noting that the putative class members "are not unsophisticated").

Thus, for the foregoing reasons, plaintiff's motion is denied.

**IT IS SO ORDERED**

Dated:      New York, New York
            August 12, 2008

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been mailed on this date to the following:

Liaison Counsel for Plaintiffs
Laurence M. Rosen, Esq.
Phillip Kim, Esq.
The Rosen Law Firm, P..
350 Fifth Avenue
New York, NY 10118

Lead Counsel for Plaintiffs
Kirk B. Hullett, Esq.
Hullett Harper Stewart LLP
550 West C Street, Suite 1600
San Diego, CA 92101

Counsel for Defendants
Michael E. Gertzman, Esq.
Charles E. Davidow, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064